B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Wigberto Lugo Mender, Chapter 7 Trustee | **DEFENDANTS**<br>THE ESTATE OF MANUEL MONSEGUR SANABRIA CONSTITUTED ALVARO EMMANUEL MONSEGUR FRANQUI AND MANUEL MONSEGUR ROCHE AND IVAN MONSEGUR ROCHE AND MARITZA MONSEGUR ROCHE AND MANUEL A. MONSEGUR GONZALEZ AS POTENTIAL HEIRS; ESSO STANDARD OIL COMPANY; JOHN DOE AS PARTY HOLDING AN INTEREST IN E.L. EQUIPMENT LEASING, INC. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Alexis A. Betancourt Vincenty<br>Lugo Mender Group, LLC<br>100 Carr 165 Suite 501<br>Guaynabo PR 00968-8052   Tel. (787) 707-0404 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

ACTION FOR APPROVAL OF SALE OF PROPERTY OF ESTATE AND OF CO-OWNER

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☑ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>HAYDEE FRANQUI SANCHEZ | BANKRUPTCY CASE NO.<br>16-04733 EAG | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Puerto Rico | DIVISION OFFICE<br>San Juan | NAME OF JUDGE<br>Edward A. Godoy | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] | | | |
| DATE<br>5-31-2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ALEXIS A. BETANCOURT VINCENTY, ESQ<br>USDC-PR 301304 | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**HAYDEE FRANQUI SANCHEZ**<br><br>**DEBTOR** | CASE NO. 16-04733 EAG<br><br>CHAPTER 7 |
| **WIGBERTO LUGO MENDER, Trustee**<br>For The Estate of Haydee Franqui Sanchez<br><br>**PLAINTIFF**<br><br>v.<br><br>THE ESTATE OF MANUEL MONSEGUR SANABRIA CONSTITUTED ALVARO EMMANUEL MONSEGUR FRANQUI AND MANUEL MONSEGUR ROCHE AND IVAN MONSEGUR ROCHE AND MARITZA MONSEGUR ROCHE AND MANUEL ALBERTO MONSEGUR GONZALEZ AS POTENTIAL HEIRS; ESSO STANDARD OIL COMPANY; JOHN DOE AS PARTY HOLDING AN INTEREST IN E.L. EQUIPMENT LEASING, INC.<br><br>**DEFENDANTS** | ADV. NO.<br><br>COMPLAINT TO OBTAIN COURT APPROVAL FOR THE SALE OF CO-OWNED PROPERTY OF THE ESTATE<br><br>JUDGMENT ON CANCELLATION OF MORTGAGE NOTE<br><br>DECLARATORY JUDGMENT |

## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, Wigberto Lugo Mender as trustee for the Estate of Haydee Franqui Sanchez, appearing as plaintiff and as attorney for this estate, who alleges, states and requests relief as follows:

## JURISDICTION AND VENUE

1.  This is a core proceeding under 11 U.S.C. § 105, § 363(h)(i)(j), § 541 (a), \§ 726 (c) and Bankruptcy Rules 2002, 6004, 7001(3) and Local Rule 6004-1 to obtain Court approval for the

sale of both the interest of the estate and of a co-owner's interest on the property with the distribution of all proceeds on this sale to be effectuated to the creditors of the bankrupcy estate.

2. Further, this is a core proceeding under FRBP 7001 (3) & (9) and 11 U.S.C. § 541, for a declaratory judgement to determine the validity and/or extent of a lien.

3. This Honorable Court has jurisdiction over this case pursuant to 28 U.S.C. § 157 (b)(2)(N) and 28 U.S.C. 1334.

## PARTIES

4. Plaintiff, Wigberto Lugo Mender is the duly appointed Chapter 7 Trustee for the Estate of Haydee Franqui Sanchez. The Chapter 7 Trustee has standing to appear as plaintiff pursuant to 11 U.S.C. §323. Further, the Debtor Haydee Franqui Sanchez was the wife of Manuel Monsegur Sanabria and a member of his probate estate at the time of his passing on October 17, 2004.

5. Defendant Alvaro Emmanuel Monsegur Franqui, who to the best of our knowledge, is of legal age, not an incompetent person, resident of Puerto Rico, son of Manuel Monsegur Sanabria and a member of his probate estate at the time of his passing on October 17, 2004.

6. Defendant, Manuel Monsegur Roche, who to the best of our knowledge, is of legal age, not an incompetent person, resident of Puerto Rico, son of Manuel Monsegur Sanabria and a member of his probate estate at the time of his passing on October 17, 2004.

7. Defendant, Ivan Monsegur Roche, who to the best of our knowledge, is of legal age, not an incompetent person, resident of Puerto Rico, son of Manuel Monsegur Sanabria and a member of his probate estate at the time of his passing on October 17, 2004.

8. Defendant, Maritza Monsegur Roche, who to the best of our knowledge, is of legal age, not an incompetent person, resident of Puerto Rico, son of Manuel Monsegur Sanabria and a member of his probate estate at the time of his passing on October 17, 2004.

9. Defendant, Manuel Alberto Monsegur Gonzalez, who to the best of our knowledge, is of legal age, not an incompetent person, resident of Puerto Rico, son of Manuel Monsegur Sanabria and a member of his probate estate at the time of his passing on October 17, 2004.

10. Defendant, Esso Standard Oil Company (Puerto Rico), who to the best of Plaintiff's knowledge and belief, is a for profit corporation created pursuant to the laws of the Commonwealth of Puerto Rico with Id. #1084 at the Puerto Rico State Department and with address of Oriental Center, Suite P1, 254, Muñoz Rivera Avenue, San Juan, PR, 00918. This party is being named in this complaint as a potential holder of a recorded lease agreement in certain property of the Estate.

11. Defendant, John Doe is an unknown party in interest as potential stockholder, creditor and/or note holder on behalf of E.L. Equipment Leasing, Inc., who to the best of Plaintiff's knowledge and belief, is a for profit corporation created pursuant to the laws of the Commonwealth of Puerto Rico with Id. #95329 at the Puerto Rico State Department now dissolved and no longer with legal personal identity. This party is being named in this complaint as a potential holder of an interest against the corporation which was the last know bearer of the note which the Plaintiff seeks cancellation.

12. John Doe is included in this action since it represents any unknown person or entity that may be the current bearer of a mortgage note or an interest encumbering the subject property pertaining to this bankruptcy estate.

## ALLEGATIONS

13. Debtor, Haydee Franqui Sanchez, filed the related bankruptcy petition as a voluntary Chapter 7 case on June 14, 2016. On June 15, 2016, the Plaintiff was appointed Chapter 7 Trustee of the Estate of Haydee Franqui Sanchez.

14. Debtor and the deceased Manuel Monsegur Sanabria were married under a conjugal partnership until his passing on October 17, 2004.

15. As per the records of the Property Register, the Debtor and Manuel Monsegur Sanabria were co-owners of several real properties, among which are the following as further described in Spanish:

> *"FINCA #7581, inscrita al folio 88 del tomo 252 de San German, Sección de San German, inscripción 1ra.*
>
> *DESCRIPCIÓN:*
>
> *SE COMPONE DE DOS (2) PORCIONES QUE SE DESCRIBE-------------------------------*
>
> > *"Se compone de dos porciones que se describen a continuación:*
> >
> > *URBANA: Solar radicado en el Barrio Guamá del término municipal de San German, Puerto Rico, con una cabida de 1437.5111 m/c equivalentes a 0.3658 cuerdas. Colinda por el NORTE, en 28.172 metros con terrenos propiedad de Francisco Rivera; por el SUR, en 26.992 metros con la Carretera Estatal # 2; por el ESTE, en 43.81 metros con el solar "A" segregado y en 6.374, metros con el solar "B" dedicado a uso público; y por el OESTE, en 55.275 metros con terrenos propiedad de Clotilde Porrata. Este es el remanente de la porción uno (1).*
> >
> > *URBANA: Solar radicado en el Barrio Guamá del término municipal de San German, Puerto Rico, con una cabida de tres mil sesenta y cuatro puntos dos mil setecientos ochenta y tres metros cuadrados, equivalentes a 0.7796 cuerdas. En lindes por el NORTE, en ciento cuarenta y nueve punto cuatrocientos dieciséis metros con terrenos propiedad de Francisco Rivera; por el SUR, en cuatro alineaciones continuas que suman ciento cuarenta y siete punto cero setenta y nueve metros con la carretera estatal número 2; por el ESTE, en un punto con la carretera estatal número dos; y por el Oeste, en treinta y tres punto trece metros con el solar "A" segregado y en seis punto doscientos treinta y siete metros con el solar "B" de uso público."*

16. Upon the passing of Manuel Monsegur Sanabria, the debtor and all his sons became part and co-owners and parties in interest of the probate estate which had an interest on the 50% of the properties.

17. However, on May 2007, all the members of the probate estate reached a liquidation and distribution agreement in which the interest of the probate estate in the properties detailed on #15 (A)-(D) were adjudicated and/or transferred for the benefit of the debtor and her son Alvaro Emmanuel Monsegur Franqui.

18. Accordingly, the at the moment of the filing of the bankruptcy petition debtor, and now the Estate, have individually a full 50% percent interest over the property plus, participates, owns and shares the other 50% equally with Alvaro Emmanuel Monsegur Franqui.

19. Other, Defendants named in this complaint are included as potential claimants or parties in interest.

20. Plaintiff, as the Chapter 7 Trustee, intends to sell these real properties pursuant the provisions of 11 U.S.C. §363 (f) and (h).

21. Plaintiff seeks to sell the property listed above in order to distribute all resulting proceeds to the creditors of this Estate. The Plaintiff states that to obtain benefit from the sale of this real property, which must be sold itself and not the percentage of interest held by the Estate.

22. That any lien reflected as encumbering the properties are either extinct due to the passage of time or none-enforceable inasmuch there is no debt to secure at all. The reflected liens that appear to encumber the property #7581 in Spanish are as follows:

> a. ARRENDAMIENTO: A favor de Esso Standard Oil Company (Puerto Rico) para la construcción de dicha estación de servicio de gasolina, por un término de 20 años a contarse desde el 1 de septiembre de 1970, con opción por prorroga por 5 años adicionales, y por canon de $160.00 mensuales durante los primeros 10 años; $240.00 mensuales durante los segundos 10 años y de $300.00 mensuales en caso de que se utilice la prórroga. Según escritura #91

  otorgada en Guaynabo, el 20 de agosto de 1970 ante Carlos R. Ríos, inscrita en el folio 90 del tomo 252 de San Germán, inscripción 3ra.

  b. HIPOTECA: Por $115,000.00 con intereses al 12-1/2% annual, en garantía de un pagaré a favor de E.L. Equipment Leasing, Inc., en escritura #420, otorgada en San Juan, el 30 de diciembre de 1999, ante Carlos Castillo Matos, inscrita al folio 30 del tomo 479 de San Germán, inscripción 7ma.

23. The Chapter 7 Trustee, as Plaintiff, purports the following:

  a) That the properties are owned by the debtor and her son Alvaro Emmanuel Monsegur Franqui;

  b) Partition of the property between the estate and the co-owner is impracticable,

  c) Sale of the estate's undivided interest would bring significantly less for the estate than a sale of the entire properties,

  d) The benefits of the estate outweigh the detriment, if any, to the co-owners and,

  e) The properties involved are not used in the production, transmission, or distributions of electric energy or natural gas sold for heat, power, or light.

## PRAYER FOR RELIEF

WHEREFORE, it is requested from this Honorable Court for relief as follows:

1) Issue judgment declaring that the properties are owned by debtor and her son Alvaro Emmanuel Monsegur Franqui.

2) Issue judgment allowing the trustee to sell the properties of the estate free and clear of co-ownership interest, subject to 11 U.S.C. §363 (h) (i) (j);

3) Issue and Order stating that any lien reflected as encumbering the properties are either extinct due to the passage of time or none-enforceable inasmuch there is no debt to secure at all

4) Issue judgment allowing the Trustee to receive and distribute to creditors of the bankruptcy estate all proceeds on the sale of this property pursuant to the provisions of 11 U.S.C. §541 (a) and 11 U.S.C. §726 (c).

5) Order the defendant to reimburse the estate for the necessary costs and expenses of this adversary proceeding estimated in $500 dollars and attorney's fees incurred in prosecuting this action estimated in $2,000 dollars.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico this May 31st, 2018.

*Lugo Mender Group, LLC*
Attorneys for the Estate
100 Carr. 165 Suite 501
Guaynabo, P.R. 00968-8052
Tel.: (787) 707-0404
Fax: (787) 707-0412

*/S/ Alexis A. Betancourt Vincenty*
Alexis A. Betancourt Vincenty
USDC-PR 301304
a_betancourt@lugomender.com