## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

HAYDEE FRANQUI SANCHEZ,

     DEBTOR.

_____

WIGBERTO LUGO MENDER,
Trustee for the Estate of
HAYDEE FRANQUI SANCHEZ,

     PLAINTIFF,

     v.

ALVARO EMMANUEL MONSEGUR
FRANQUI, MANUEL MONSEGUR ROCHE,
IVAN MONSEGUR ROCHE, MARITZA
MONSEGUR ROCHE, MANUEL
MONSEGUR GONZALEZ, ESSO STANDARD
OIL COMPANY, ESSO STANDARD OIL
COMPANY PUERTO RICO, and JOHN
DOE,

     DEFENDANTS.

_____

CASE NO. 16-04733 (EAG)

CHAPTER 7

ADV. PROCEEDING NO. 18-00067

FILED & ENTERED ON 8/15/2019

### OPINION AND ORDER

The chapter 7 trustee moves the court for summary judgment on his complaint for the sale of both the estate's interest and the interest of any co-owner in property in which the debtor had an undivided interest at the commencement of the case under section 363(h) of the Bankruptcy Code.[1] [Adv. Dkt. No. 71.]  For the reasons stated herein, the trustee's motion

_____

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to title 11 of the United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil

for summary judgment is granted.

## I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. PROCEDURAL BACKGROUND

On June 14, 2016, debtor Haydee Franqui Sanchez filed a chapter 7 bankruptcy petition, which was docketed as case number 16-04733. [Bankr. Dkt. No. 1.] The trustee commenced, on May 31, 2018, this adversary proceeding under section 363(h) to sell both, the estate's interest and the interest of Alvaro Emmanuel Monsegur Franqui in property of the estate. [Bankr. Dkt. No. 59; Adv. Dkt. No. 1.] The trustee included in the complaint the other heirs of the debtor's deceased spouse, Manuel Monsegur Sanabria, as follows: Manuel Monsegur Gonzalez, Maritza Monsegur Roche, Ivan Monsegur Roche, and Manuel Monsegur Roche. [Adv. Dkt. No. 1.] The trustee also included in the complaint two additional defendants: Esso Standard Oil Company (Puerto Rico) and John Doe, as a party holding an interest in E.L. Equipment Leasing, Inc., a corporation with a recorded mortgage lien on the property that the trustee intends to sell. [Id.]

On July 25, 2018, the trustee requested the issuance of summons by publication as to John Doe, as an unknown party or holder of an interest in or of E.L. Equip Leasing, Inc. [Adv.

---

Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

Dkt. No. 16.] The court granted the trustee's request and issued the summons by publication.
[Adv. Dkt. No. 20.] On September 14, 2018, the trustee filed a certificate of service showing
that summons was published in El Nuevo Dia on August 23, 2018. [Adv. Dkt. No. 38]. No holder
of an interest in or of E.L. Equip Leasing, Inc. appeared.

On September 12, 2018, Manuel Monsegur Gonzalez, Maritza Monsegur Roche, Ivan
Monsegur Roche, and Manuel Monsegur Roche answered the complaint. [Adv. Dkt. No. 35.]

On September 28, 2018, the trustee filed a stipulation with Esso, which was approved
by the court on October 31, 2019.[2] [Adv. Dkt. Nos. 47 & 56.] On November 26, 2018, the court
entered partial judgment dismissing with prejudice the adversary proceeding against Esso
pursuant to the terms of the stipulation. [Adv. Dkt. No. 62.]

On December 18, 2018, Alvaro Emmanuel Monsegur Franqui answered the complaint.
[Adv. Dkt. No. 70.]

On February 25, 2019, the trustee moved for summary judgment against Alvaro
Emmanuel Monsegur Franqui, Manuel Monsegur Gonzalez, Maritza Monsegur Roche, Ivan
Monsegur Roche, and Manuel Monsegur Roche. [Adv. Dkt. No. 71.] On March 5, 2019, Manuel
Monsegur Gonzalez, Maritza Monsegur Roche, Ivan Monsegur Roche, and Manuel Monsegur
Roche filed their response consenting to the entry of summary judgment. [Adv. Dkt. No. 72.]

On March 11, 2019, the trustee requested the entry of default against John Doe as
holder of an interest in E.L. Equipment Leasing, Inc. [Adv. Dkt. No. 73.]

On March 15, 2019, the court ordered Alvaro Emmanuel Monsegur Franqui, the co-

---

[2] In the stipulation, Esso agreed to expunge from the Property Registry an expired lease recorded in
its favor over the property. [Adv. Dkt. No. 47.]

owner of the property that the trustee intends to sell, to state within 14 days his position as to the trustee's motion for summary judgment. [Adv. Dkt. No. 74.] Monsegur Franqui never responded to the trustee's motion for summary judgment.

On April 1, 2019, the chapter 7 trustee moved for an order granting his motion for summary as unopposed. [Adv. Dkt. No. 76.] On July 30, 2019, the trustee moved the court for the entry of an order granting as unopposed his motion for summary judgment and his request for entry of default as to John Doe as holder of an interest in E.L. Equipment Leasing, Inc. [Adv. Dkt. No. 77.]

### III. LOCAL ANTI-FERRETING RULE

The local anti-ferreting rules "aid the court in identifying genuine issues of material fact which will necessitate denial of summary judgment . . . ." Rosa Morales v. Santiago Diaz, 338 F. Supp.2d 283, 294 n.2 (D.P.R. 2004) (citing L.Civ.R. 56(c) and Corrada Betances v. Sea-Land Serv. Inc., 248 F.3d 40, 43-44 (1st Cir. 2001)). Local Civil Rule 56(b) requires a party moving for summary judgment to file, annexed to its motion, "a separate, short and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried . . . supported by a record citation . . . ." L.Civ.R. 56(b). Local Civil Rule 56(c) then requires the nonmoving party to submit with its opposition a "separate, short, and concise statement of material facts," admitting, denying or qualifying the facts by reference to each numbered paragraph with references to the record. L.Civ.R. 56(c). Local Civil Rule 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." The anti-ferreting provisions of

Local Civil Rule 56 also provide that the court has "no duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." L.Civ.R. 56(e).

The court deems that the trustee complied with Local Civil Rule 56(b) by filing with his motion for summary judgment, a statement of uncontested material facts supported by record citations. [Adv. Dkt. No. 71.] As Alvaro Emmanuel Monsegur Franqui did not oppose the trustee's uncontested material facts, all properly supported facts set forth by the trustee are deemed admitted. L.Civ.R. 56(e); see Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45-46 (1st Cir. 2004) ("We have consistently upheld the enforcement of this rule, noting repeatedly that 'parties ignore [it] at their peril' and that 'failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.'") (quoting Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (citing prior cases)).

### IV. UNCONTESTED FACTS

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rule 7056 and Local Bankruptcy Rules 1001-1(b) and (d), as found in the record of this case and the statement of uncontested facts filed by the trustee at docket number 71:

The debtor and Manuel Monsegur Sanabria were married under the conjugal partnership regime until his death on October 17, 2004. [Trustee's Statement of Proposed Facts ("SUF") at ¶ 2, Adv. Dkt. No. 71; Trustee's complaint at ¶14, Adv. Dkt No. 1, admitted by co-defendants Monsegur Roche and Monsegur Gonzalez at ¶2, Adv. Dkt. No.35, and admitted

by co-defendant Monsegur Franqui at ¶1, Adv. Dkt. No. 70.]

As per the records of the Property Registry, the debtor and Manuel Monsegur Sanabria were the owners of the real property described below in the Spanish language (property 7,581):

"FINCA #7581, inscrita al folio 88 del tomo 252 de San German, Sección de San Germán.

DESCRIPCIÓN:

"Se compone de dos porciones que se describen a continuación:

URBANO: Solar radicado en el Barrio Guamá del término municipal de San Germán, Puerto Rico, con una cabida de 1437.5111 m/c equivalentes a 0.3658 cdas. Colinda por el Norte, en 28.172 metros con terrenos propiedad de Francisco Rivera; por el Sur, en 26.992 metros con la carretera estatal numero 2; por el Este, en 43.81 metros con el solar "A" a segregarse y en 6.374, metros con el solar "B" a segregarse dedicado a uso público y por el Oeste, en 55.275 metros con terrenos propiedad de Clotilde Porrata. Este es el remanente de la porción uno (1).

Porción numero dos: URBANO: Solar radicado en el Barrio Guama del término municipal de San Germán, Puerto Rico, con una cabida de 3064.2783 metros, equivalentes a 0.7796 cdas. En lindes por el Norte, en 149.416 metros con terrenos propiedad de Francisco Rivera, por el Sur en 4 alineaciones continuas que suman 147.079 metros con la carretera estatal número 2, por el Este, en un punto con la Carretera numero Dos (2) y por el Oeste, en 33.13 metros con el solar "A" a segregarse y en 6.237 metros con el solar "B" a segregarse de uso público."

[Trustee's SUF at ¶ 3, Adv. Dkt. No. 71; Trustee's complaint at ¶15, Adv. Dkt No. 1, admitted by Monsegur Roche and Monsegur Gonzalez at ¶2, Adv. Dkt. No. 35, and admitted by Monsegur Franqui at ¶1, Adv. Dkt. No. 70.]

Upon the death of Manuel Monsegur Sanabria, his heirs became the owners of his 50% interest in property 7,581. [Trustee's SUF at ¶ 4, Adv. Dkt. No. 71; Trustee's complaint at ¶16, Adv. Dkt No. 1, admitted by Monsegur Roche and Monsegur Gonzalez at ¶2, Adv. Dkt. No.35, and admitted by Monsegur Franqui at ¶ 1, Adv. Dkt. No. 70.] In May 2007, the heirs executed

6

a liquidation and distribution agreement, in which four of them transferred their interest in property 7,581 to the debtor and her son, Alvaro Emmanuel Monsegur Franqui. [Trustee's SUF at ¶5-6, Adv. Dkt. No. 71; Trustee's complaint at ¶17, Adv. Dkt No. 1, admitted by Monsegur Roche and Monsegur Gonzalez at ¶ 2, Adv. Dkt. No.35, and admitted by Monsegur Franqui at ¶1, Adv. Dkt. No. 70.]

Property 7,581 is subject to a pre-judgment attachment in the amount of $130,000 by way of a writ of execution issued on June 5, 2015 by the Puerto Rico Court of First Instance, Mayaguez Part, in case number ISCI 2004-01931, in favor of Manuel Monsegur Gonzalez, Maritza Monsegur Roche, Ivan Monsegur Roche, and Manuel Monsegur Roche. [Trustee's SUF at ¶ 8, Adv. Dkt. No. 71; Answer to the complaint by Monsegur Roche and Monsegur Gonzalez, Exhibit 1, Adv. Dkt. No. 35.] The writ of execution was registered and filed in the Property Registry on June 29, 2015 at Entry 1261, Volume 798. [Id.]

Property 7,581 is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. [Trustee's SUF at ¶ 9, Adv. Dkt. No. 71.]

## V. SUMMARY JUDGMENT STANDARD

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears

7

the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F. 3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995).  For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id.  However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine.  Id.  A dispute is "genuine" if it could be resolved in favor of either party.  A fact is "material" if it is potentially outcome-determinative.  See Calero-Cerezo v. U.S. Dep't of Just., 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted).  The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. P.R. Mar.

8

Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

Even if unopposed, summary judgment may only be granted when the moving party shows that it is entitled to a judgment as a matter of law. It is firmly established that even where a party fails to file an opposition to a motion for summary judgment, courts are nevertheless required to evaluate such a motion on its merits. See Cordi-Allen v. Halloran, 470 F.3d 25, 28 (1st Cir. 2006) (noting that a district court is bound to review an unopposed motion for summary judgment on the merits). Nor can a court grant a motion for summary judgment as a sanction. See De La Vega v. The San Juan Star, Inc., 377 F.3d 111, 116 (1st Cir. 2004). "The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made." Roman-Perez v. Operating Partners Co. LLC (In re Roman-Perez), 527 B.R. 844, 856 (Bankr. D.P.R. 2015) (quoting Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1517 (1st Cir. P.R. 1991)).

## VI. APPLICABLE LAW AND DISCUSSION.

The commencement of a case under the Bankruptcy Code creates an estate comprised of, with certain exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In cases under chapter 7, a trustee is appointed, tasked with taking possession of all non-exempt assets of the estate and administering them for the benefit of creditors. 11 U.S.C. §§ 348, 704(a)(1). Section 363(h) permits a trustee to sell both the estate's interest as well as the interest of a co-owner of the

property, if, at the commencement of the case, the debtor held an undivided interest in property as a tenant in common, joint tenant, or tenant in the entirety, provided that several significant conditions are met. 11 U.S.C. § 363(h).

Namely, a sale under section 363(h) may be authorized only if (1) a partition in kind of a property among the estate and any co-owners is impracticable; (2) the estate would realize significantly less from a sale of the estate's undivided interest than from a sale of the property free of the co-owners' interests; (3) the benefit to the estate from the property's sale outweighs any detriment to the co-owners; and (4) the property "is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power." 11 U.S.C. § 363(h)(1)-(4). The trustee has the burden of satisfying all four requirements under section 363(h). Rentas v. Rodriguez(In re Malavet), 2013 Bankr. LEXIS 4881, at *29 (Bankr. D.P.R. 2013); Braunstein v. Hajjar (In re Hajjar), 385 B.R. 482, 488 (Bankr. D. Mass. 2008). The trustee must also give the non-debtor co-owner a right of first refusal, and must distribute to the co-owner a portion of the proceeds of the sale, less certain administrative expenses. 11 U.S.C. § 363(i) & (j).

The first condition that must be met for the trustee to sell the property is that the partition of the property between the co-owners is impracticable. Here, the trustee argues that a potential partition of property 7,581 is impractical because it would require additional delays and expenses for governmental permits to segregate the property, which could scare off a potential buyer. He also asserts that the interest of Monsegur Franqui in the property is significantly smaller than the estate's interest and that to date, Monsegur Franqui has made no offer to acquire the property. The court agrees.

The second condition is that the sale of only the estate's undivided interest would realize significantly less for the estate than a sale free from the interest of co-owners. The sale of the estate's undivided interest in the property would realize significantly less than the sale of the entire property given the difficult real estate market.

The third condition is that the benefit to the estate from the proposed sale must outweigh the detriment to the co-owner.  The court notes that  Monsegur Franqui did not oppose the trustee's motion for summary judgment and has not come forward with any evidence of harm to him that might result from the sale of the entire property.  And, the sale of the property by the trustee will result in the payment of secured claims on the property for which Monsegur Franqui is jointly liable.

 Finally, the fourth condition has been satisfied as the property in question is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**VII.  CONCLUSION.**

Based on the foregoing, the trustee's motion for summary judgment [at Adv. Dkt. No. 71] is GRANTED and the trustee is allowed to sell under section 363(h) of the Bankruptcy Code the interest of the estate and of Alvaro Emmanuel Monsegur Franqui on property 7,581 described above.[3]

---

[3] As the trustee's request for entry of default against John Doe as an unknown party in interest, potential stockholder, or note holder on behalf of  E.L. Equipment Leasing, Inc. is still pending to be resolved, no judgment will be entered at this time.

11

SO ORDERED.

In Ponce, Puerto Rico, this 15th day of August 2019.

Edward A. Godoy
U.S. Bankruptcy Judge